IRVING, J.,
dissenting.
¶ 32. The majority finds that process on Flagstar Bank, FSB (Flagstar) was defective and, on that basis, reverses and renders the default judgment in the amount of $500,000 ordered by the trial court in favor of Calvin and Jamie Danos and their minor children. The majority concludes that process was defective because the mail-room clerk at Flagstar signed for the restricted letter or package (containing the complaint and summons) that was addressed to Albert Gladner, Flagstar’s registered agent for service of process. This finding is premised on the contents of an affidavit submitted by Flagstar’s chief legal officer as a part of Flagstar’s motion to set aside the default judgment that had been rendered against it after it failed to answer the Danoses’ complaint. In finding that process was defective because the mailroom clerk signed for the letter addressed to Gladner, the majority, in my opinion, ignores or misconstrues Rules *360 4(d)(4) and 4(c)(5) of the Mississippi Rules of Civil Procedure, which specify to whom and how service of process may be served upon a domestic or foreign corporation. Therefore, I dissent. I would affirm the judgment of the trial court.
¶ S3. I begin with an analysis of the rules quoted above. Rule 4(d)(4) identifies the person to be served and provides that service by a sheriff or process server shall be made as follows:
Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.
Rule 4(c)(5) provides for various methods of service of the summons and complaint including the following:
Service by Certified Mail on Person Outside State. In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked “restricted delivery. ” Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked “Refused.”
(Second emphasis added).
¶ 34. It is clear from a reading of the plain language of Rule 4(c)(5) that where a defendant is a natural person the envelope must be marked restricted delivery. The defendant in this case, Flagstar, is a corporation, not a natural person. Therefore, Rule 4(c)(5) does not mandate that the envelope containing the summons and complaint sent to Flagstar be marked restricted delivery; however, the rule does not prohibit marking the envelope restricted delivery. When the defendant is a corporation, Rule 4(c)(5) only requires that the summons and complaint be sent by certified mail, return receipt requested. Of course, the summons and complaint must be addressed to the corporation’s registered agent for service of process, as was done in this case.
¶35. As stated, the majority relies upon the affidavit of Flagstar’s chief legal officer that stated that the mailroom clerk, Romeo Pena, signed for the certified letter and that Pena “is not, and has never been, authorized to accept service of process for Flagstar Bank.” The fact that Pena was not, and never had been, an agent for service of process for Flagstar is beside the point. The certified letter was addressed and sent to Flagstar’s registered agent for service of process — Gladner. It is not contended in the affidavit that Pena did not have the authority to pick up mail at the post office for Gladner. Even if such an allegation had been made, it would be inconsequential. This is because Rule 4(c)(5) does not speak to the issue of whether someone other than the registered agent for service of process for a corporation may sign for a certified letter addressed to the registered agent.
¶ 36. Finally, it cannot be legitimately doubted that the certified letter was received by Gladner because in a letter dated April 22, 2004, Robert K Fleming, Legal Department Operations Coordinator, advised counsel for the Danoses, inter alia, that “Flagstar Bank, FSB (Flagstar) is in receipt of the summons regarding the above referenced matter.” The majority finds that this letter cannot take the place of a valid summons and complaint being *361 served upon Flagstar. I agree, but the importance of the letter is not that it serves in lieu of service of the summons and complaint upon Flagstar, but that it proves that the certified letter that was properly addressed to Flagstar’s registered agent for service of process was in fact received by the registered agent. Rule 4(c)(5) provides: “Service by [certified mail] shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked “Refused.” ” The return receipt showed that the letter was signed for by someone whose signature could not be readily deciphered. However, Flagstar’s chief legal officer was able to decipher the otherwise illegible signature, advising that it was signed for by Flagstar’s mailroom clerk. As stated, the letter was sent restricted delivery, but it did not have to be. The United States Postal Service should not have allowed the mailroom clerk to sign for the letter. Nevertheless, that failure on the part of the postal service does not affect the legality or effectiveness of the process on Flagstar, because a certified letter, return receipt requested, was served on its registered agent for service of process, even though it was physically picked up by someone else for the registered agent. It is apparent that the majority equates the physical pickup of the certified letter by Pena with a failure of service of the certified letter on Gladner. That is simply not the case. As stated, for service to have been complete and effective under Rule 4(c)(5), all that was required was for the letter to have been sent by certified mail, return receipt requested, not restricted delivery, addressed to Flagstar’s registered agent for service of process. That in fact was done in this case. Therefore, process was deemed complete when the certified letter was signed for and picked up by Pena.
¶ 37. For the reasons stated, I dissent. I would affirm the trial court’s judgment, for it is clear that Flagstar slept on its responsibility to respond to the Danoses’ lawsuit.
LEE AND MYERS, P.JJ., AND GRIFFIS, J., JOIN THIS OPINION.